**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

_____

WILLIAM STRICKLAND and          CASE NO.: 8:19-CV-2138-CEH-SPF
MARCIA MICHAEL,

                            Plaintiffs,

v.

MRS ASSOCIATES, INC.,

                            Defendant.

_____

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, MRS Associates, Inc. ("MRS"), as and for its answer to the complaint of William Strickland and Marcia Michael (collectively, "Plaintiffs"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

NATURE OF ACTION

1.       In response to paragraph 1 of the Complaint, MRS admits that Plaintiffs allege violations of the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), but denies that it violated the law.

JURISDICTION AND VENUE

2.       In response to paragraph 2 of the Complaint, MRS admits that the statutes referenced confer jurisdiction upon this Honorable Court, but denies that it violated any law that would subject it to such jurisdiction. MRS further denies that Plaintiffs have standing under Article III of the United States Constitution.

3.      In response to paragraph 3 of the Complaint, MRS admits that it has attempted to collect debts from individuals located in the Middle District of Florida.  MRS lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 3 of the Complaint.

PARTIES

4.      MRS lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5.      In response to paragraph 5 of the Complaint, MRS admits that it is a business entity with an office located at the stated address and that it attempts to collect debts using the mail and telephone.  MRS denies the remaining allegations in paragraph 5 of the Complaint.

ALLEGED FACTS SUPPORTING CAUSE OF ACTION

6.      In response to paragraph 6 of the Complaint, MRS admits, upon information and belief, that Plaintiffs incurred an obligation to Honda Financial.  MRS lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of the Complaint.

7.      MRS lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8.      MRS denies the allegations set forth in paragraph 8 of the Complaint.

9.      MRS denies the allegations set forth in paragraph 9 of the Complaint.

10.     In response to paragraph 10 of the Complaint, MRS admits that it placed calls to the telephone number ending 7426 starting July 8, 2019, but denies that its conduct violated any law.  MRS denies that Marcia answered any call placed by MRS and denies that she demanded

that MRS cease placing calls.  MRS lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 of the Complaint.

11.     MRS lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12.     MRS denies the allegations set forth in paragraph 12 of the Complaint.

13.     MRS denies the allegations set forth in paragraph 13 of the Complaint.

14.     MRS denies the allegations set forth in paragraph 14 of the Complaint.

15.     In response to paragraph 15 of the Complaint, MRS admits that it called the telephone number ending 7426 using the following phone numbers: (407) 992-8379 and (407) 409-7472.  MRS denies the remaining allegations set forth in paragraph 15 of the Complaint.

16.     MRS denies the allegations set forth in paragraph 16 of the Complaint.

ALLEGED DAMAGES

17.     MRS denies the allegations set forth in paragraph 17 of the Complaint.

18.     MRS denies the allegations set forth in paragraph 18 of the Complaint.

19.     MRS denies the allegations set forth in paragraph 19 of the Complaint.

20.     MRS denies the allegations set forth in paragraph 20 of the Complaint.

COUNT I

21.     MRS lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22.     MRS lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23.     In response to paragraph 23 of the Complaint, MRS admits that it collects and attempts to collect debts, some of which may have been incurred for personal family or household

4848101v2

purposes, incurred to third parties using the mail and/or telephones.  MRS lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 23 of the Complaint.

24.     MRS lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25.     In response to paragraph 25 of the Complaint, MRS admits that used the telephone in an attempt to collect the subject debt.  MRS lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 25 of the Complaint.

26.     MRS admits the allegations set forth in paragraph 26 of the Complaint.

27.     MRS denies the allegations set forth in paragraph 27 of the Complaint.

28.     MRS denies the allegations set forth in paragraph 28 of the Complaint.

29.     MRS denies the allegations set forth in paragraph 29 of the Complaint.

30.     MRS denies the allegations set forth in paragraph 30 of the Complaint.

31.     MRS denies the allegations set forth in paragraph 31 of the Complaint.

32.     MRS denies the allegations set forth in paragraph 32 of the Complaint.

33.     MRS denies the allegations set forth in paragraph 33 of the Complaint.

34.     MRS denies the allegations set forth in paragraph 34 of the Complaint.

35.     MRS denies the allegations set forth in paragraph 35 of the Complaint.

36.     MRS denies the allegations set forth in paragraph 36 of the Complaint.

COUNT II

37.     In response to paragraph 37 of the Complaint, MRS admits in part and denies in part.  MRS admits that it placed non-emergency telephone calls to the telephone number ending 7426.  MRS denies that those calls were placed with an automatic telephone dialing system.

4

4848101v2

38.     In response to paragraph 38 of the Complaint, MRS admits that Plaintiffs purport to summarize the TCPA, but denies these allegations to the extent that Plaintiffs' summary is inaccurate or incomplete.

39.     MRS denies the allegations set forth in paragraph 39 of the Complaint.

40.     MRS denies the allegations set forth in paragraph 40 of the Complaint.

41.     MRS denies the allegations set forth in paragraph 41 of the Complaint.

42.     MRS denies the allegations set forth in paragraph 42 of the Complaint.

43.     MRS denies the allegations set forth in paragraph 43 of the Complaint.

44.     MRS denies the allegations set forth in paragraph 44 of the Complaint.

45.     MRS denies the allegations set forth in paragraph 45 of the Complaint.

46.     MRS denies the allegations set forth in paragraph 46 of the Complaint.

47.     MRS denies the allegations set forth in paragraph 47 of the Complaint.

48.     MRS denies the allegations set forth in paragraph 48 of the Complaint.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs' claims fail, in whole or in part, for lack of standing and/or lack of subject matter jurisdiction because he has not sustained any cognizable injury or damages.

### THIRD DEFENSE

Plaintiffs are barred from recovery in that any damage sustained by Plaintiffs were the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of MRS.  Damages

or injuries, if any, suffered by Plaintiffs may be attributable, in whole or in party, to Plaintiffs' own conduct, deeds, acts, words and omissions, and not to any conduct, deeds, acts, words or omissions of MRS.

FOURTH DEFENSE

Any violation of the law, which MRS denies, was not material.

FIFTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because the alleged actions of MRS were not accompanied by malice, intent or ill will.

SIXTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by laches, unclean hands, waiver, estoppel or failure to mitigate damages (if any).

SEVENTH DEFENSE

Any violation of the law, which MRS denies occurred, was not intentional and resulted from a *bona fide* error notwithstanding maintenance of procedures reasonably adapted to avoid such error.  MRS employs policies and procedures to ensure compliance with all applicable law, including the FDCPA.  These policies are reasonably adapted to avoiding the violations of law Plaintiff purports to allege in the Complaint.

EIGHTH DEFENSE

To the extent statutory damages under the TCPA call for damages that substantially exceed the actual damages sustained by Plaintiffs, such damages constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

4848101v2

NINTH DEFENSE

Plaintiffs' TCPA claim will be barred, in whole or in part, as a result of an inability to demonstrate that the alleged calls or were placed using an automatic telephone dialing system and/or without prior express consent.

TENTH DEFENSE

Plaintiffs are precluded from any recovery from MRS for a willful of knowing violation of the TCPA because any such violation, which MRS denies occurred, would not have been willful or knowing.  Moreover, any violation of any law, which MRS denies, was not frequent, persistent or intentional.

RESERVATION

MRS reserves the right to plead additional defenses or otherwise amend its Answer pursuant to Fed. R. Civ. P. 8(c) and 12(b) and as may be revealed through discovery and upon further particularization of Plaintiffs' claims.

WHEREFORE, MRS prays for an order and judgment of this Court in its favor and against Plaintiffs as follows:

1.      Dismissing all causes of action against MRS with prejudice and on the merits; and

2.      Awarding it such other and further relief as the Court deems just and equitable.

Dated:  October 8, 2019                                    _/s/Ronald S. Canter
                                                         Ronald S. Canter, Esquire
                                                         Bar # 335045
                                                         The Law Offices of Ronald S. Canter, LLC
                                                         200A Monroe Street, Suite 104
                                                         Rockville, Maryland 20850
                                                         Telephone: (301) 424-7490
                                                         Facsimile: (301) 424-7470
                                                         rcanter@roncanterllc.com
                                                         *Attorney for MRS Associates, Inc.*

                                                         *Local address:*

4848101v2

400 S. Dixie Hwy #322
Boca Raton, Florida 33432

4848101v2

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by electronic notification via the CM/ECF system on this 8th day of October, 2019:

> Alexander Taylor
> Sulaiman Law Group
> 2500 South Highland Avenue, Suite 200
> Lombard, IL 60148
> *Attorney for Plaintiff*

<u>/s/Ronald S. Canter</u>
Ronald S. Canter, Esq.
*Attorney for Defendant MRS Associates, Inc.*

4848101v2